UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CARLTON F. BENNETT, and
BENNETT AND SHARP, PLLC,

    Plaintiffs,

v.                             ACTION NO. 2:17cv92

JOHN E. ZYDRON and
ZYDRON LAW FIRM, PLLC,

    Defendants.

## MEMORANDUM ORDER

This matter comes before the court on the Motions to Dismiss filed by Defendant John E. Zydron ("John Zydron") and Defendant Zydron Law Firm, PLLC ("Zydron Law Firm") on March 21, 2017, and April 6, 2017, respectively, and accompanying Memoranda in Support. ECF Nos. 6, 7, 15, 16. The Plaintiffs filed a Memorandum in Opposition to John Zydron's Motion to Dismiss on April 4, 2017. ECF No. 13. John Zydron filed a Rebuttal Brief on April 10, 2017. ECF No. 17. The Plaintiffs filed a Memorandum in Opposition to Zydron Law Firm's Motion to Dismiss on April 20, 2017. ECF No. 20. Zydron Law Firm filed a Reply on April, 26. 2017. ECF No. 21.

On April 11, 2017, this court referred the Motions to Dismiss and Memoranda in Support to United States Magistrate Judge Robert J. Krask, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b), to

conduct hearings, including evidentiary hearings, if necessary, and to submit to the undersigned district judge proposed findings of fact, if applicable, and recommendations for the disposition of the Motions. ECF No. 18.

The Magistrate Judge filed the Report and Recommendation ("R&R") on August 17, 2017. ECF No. 23. The Magistrate Judge recommended that both John Zydron's Motion to Dismiss and Zydron Law Firm's Motion to Dismiss be denied. R&R at 1. By copy of the R&R, the parties were advised of their right to file written objections to the findings and recommendations made by the Magistrate Judge. See id. at 16. On August 21, 2017, John Zydron filed Objections to the R&R, ECF No. 24, and on September 5, 2017, the Plaintiffs filed a Response. ECF No. 26. On August 29, 2017, Zydron Law Firm filed an Objection to the R&R, ECF No. 25, and on September 12, 2017, the Plaintiffs filed a Response. ECF No. 27.

## I. LEGAL STANDARD

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the court, having reviewed the record in its entirety, shall make a de novo determination of those portions of the R&R to which the Defendants have specifically objected. Fed. R. Civ. P. 72(b). The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge,

or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

## II. DISCUSSION

### A. Standing

The Defendants' Motions to Dismiss allege that Plaintiff Carlton F. Bennett ("Bennett") lacks statutory standing to bring the complaint under the Lanham Act. ECF No. 7 at 3-4; ECF No. 16 at 3-5. In the R&R, the Magistrate Judge disagrees, stating both that the complaint demonstrates Bennett has pled an injury to a commercial interest in his reputation and that Bennett has pled individual injury proximately caused by Defendants' alleged Lanham Act violations. R&R at 9-10.

In both Objections to the R&R, the Defendants oppose the Magistrate Judge's finding that Bennett can maintain the suit as an individual. John Zydron Obj. to R&R at 3, ECF No. 24; Zydron Law Firm Obj. to R&R at 3, ECF No. 25. These objections are "nothing more than a rehashing of the arguments raised in [the Defendants' Motions to Dismiss]," Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); see John Zydron Mem. in Support at 3, ECF No. 7; Zydron Law Firm Mem. in Support at 5, ECF No. 16.

The Fourth Circuit has clearly stated that a party must object to an R&R "with sufficient specificity so as reasonably to alert the district court of the true ground for the

3

objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Objections filed by the Defendants do not attempt to undermine the Magistrate Judge's findings or recommendations by presenting additional arguments. Such general and blanket objections do not require this court to make de novo determinations of the R&R findings. See Nichols, 100 F. Supp. 3d at 498; Williams v. Astrue, No. 2:09cr60, 2010 WL 395631, at *1 (E.D. Va. Feb. 2, 2010).

However, even after undertaking a de novo review, as though the Defendants had filed Objections to the R&R with specificity and particularity, the court agrees with the Magistrate Judge's finding, that Bennett has individual standing to bring the complaint under the Lanham Act. Accordingly, John Zydron's and Zydron Law Firms's Objections are hereby **OVERRULED**.

### B. Claims Against Defendant John Zydron

John Zydron's Motion to Dismiss alleges that he is not personally liable for the actions of Zydron Law Firm in allegedly placing false and misleading materials on its website, because he is a principal of a limited liability company. John Zydron Mem. in Support at 2. In the R&R, the Magistrate Judge disagrees, finding that the Plaintiffs "do not seek to impose liability on Mr. Zydron simply by reason of his being a member or manager of the defendant PLLC. Instead, the complaint alleges that Mr. Zydron personally engaged in the reported misconduct."

R&R at 10-11. Thus, the Magistrate Judge found that the Plaintiffs' Complaint against John Zydron in his individual capacity is proper.

In John Zydron's Objection to the R&R, he argues that the complaint against him individually fails as a matter of law. John Zydron Obj. to R&R at 3. This objection repeats verbatim the argument made in his Memorandum in Support of his Motion to Dismiss. See John Zydron Mem. in Support at 2. The Objection does not attempt to undermine the Magistrate Judge's findings or recommendations by presenting additional arguments. Such general and blanket objections do not require the court to make de novo determinations of the R&R findings. See supra Part II.A.

However, even after undertaking a de novo review, as though John Zydron had filed Objections to the R&R with specificity and particularity, the court agrees with the Magistrate Judge's finding, that the maintenance of the Plaintiffs' Complaint against John Zydron in his individual capacity is proper. Accordingly, John Zydron's Objection is hereby **OVERRULED**.

### C. Lanham Act Claims

The Defendants' Motions to Dismiss argue, under Federal Rule of Civil Procedure 12(b)(6), that the allegations in the Complaint are insufficient to support a claim under 15 U.S.C. § 1125(a)(1) of the Lanham Act. John Zydron Mem. in Support at 4-6; Zydron Law Firm Mem. in Support at 5-8. In the R&R, the

5

Magistrate Judge disagrees, stating that "Plaintiffs have sufficiently alleged claims under subsection A and subsection B of 15 U.S.C. § 1125(a)(1)." R&R at 11. Therefore, the Magistrate Judge found that the Plaintiffs alleged an adequate basis to proceed under § 1125(a)(1). Id. at 16.

In both Objections to the R&R, the Defendants oppose the Magistrate Judge's finding that the Plaintiffs alleged a sufficient factual basis to survive a Rule 12(b)(6) Motion to Dismiss. John Zydron Obj. at 3; Zydron Law Firm Obj. at 3-4. However, these Objections merely repeat the arguments made in the Motions to Dismiss, largely without alteration. See John Zydron Mem. in Support at 4-6; Zydron Law Firm Mem. in Support at 5-8. Merely restating arguments previously made constitute general objections that do not undermine the Magistrate Judge's findings, and thus do not require this court's de novo review. See supra Parts II.A, II.B.

However, even after undertaking a de novo review, as though the Defendants had filed Objections to the R&R with specificity and particularity, the court agrees with the Magistrate Judge's finding, that the Plaintiffs have sufficiently alleged claims under subsection A and subjection B of 15 U.S.C. § 1125(a)(1) to proceed with the case. Accordingly, John Zydron's and Zydron Law Firms's Objections are hereby **OVERRULED**.

6

## III. CONCLUSION

The court, having examined the Objections to the R&R filed by the Defendants, and having made de novo findings with respect thereto, does **OVERRULE** the Defendants' Objections, does **ADOPT AND APPROVE IN FULL** the findings and recommendations set forth in the R&R of the United States Magistrate Judge, filed on August 17, 2017. ECF No. 23. Accordingly, Defendant John Zydron's Motion to Dismiss is **DENIED,** and Defendant Zydron Law Firm's Motion to Dismiss is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to the parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Chief Judge
REBECCA BEACH SMITH
CHIEF JUDGE

September 21, 2017